**Rex L. DODGE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1743.**

United States Court of Veterans Appeals.

April 2, 1993.

Before KRAMER, MANKIN and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

On February 1, 1993, 4 Vet.App. 413 the Court, in a single-judge memorandum decision, granted the Secretary of Veterans Affairs motion for summary affirmance, of a Board of Veterans' Appeals decision which, inter alia, denied an increased rating for post-traumatic stress disorder (PTSD). On March 1, 1993, appellant filed a motion for review by a three-judge panel. Appellant argues that the memorandum decision failed expressly to address his argument that 38 C.F.R. § 4.131 (1992) provides for a minimum rating of 50% and a mandatory examination six months from discharge where a mental disorder is sufficiently severe to warrant discharge from service. Appellant's motion for review had attached to it certain pages from appellee's motion for summary affirmance. These pages indicate that appellant's discharge did not show mental disorders due to psychic trauma so as to come within the purview of 38 C.F.R. § 4.131. In addition, the effective date of appellant's service connection for PTSD was October 28, 1987, almost 10 years since his last discharge, a situation again not within the purview of 38 C.F.R. § 4.131.

Appellant does not point to any error in fact or law that warrants review of the single-judge decision. Upon consideration of the foregoing, it is

ORDERED that appellant's motion for review is denied.

STEINBERG, Judge, concurring:

I concur in the Court's order. However, in light of the Secretary's concession in his motion for summary affirmance that remand would be appropriate on the issue of the applicability of 38 C.F.R. § 4.131 (1992), which the Board did not address, I believe that somewhat more of an explanation is necessary as to why the Board's failure to address this issue does not warrant a remand.

In a September 1988 decision and Statement of the Case, a Veterans' Administration (now Department of Veterans Affairs) regional office concluded that the veteran had been discharged from the Navy in 1978 due to a "personality problem". R. at 183, 190. However, even if that "personality disorder" were found to be the precursor of the veteran's currently diagnosed post-traumatic stress disorder (PTSD), for which service connection is currently established, section 4.131 would not provide any basis for an increase in the veteran's *current* PTSD rating. Section 4.131 provides that a condition sufficiently severe to warrant discharge from service will be assigned at least a 50% rating *at the time of such discharge*, provided that the requirements for service connection are otherwise established. Moreover, that provision expressly provides for an examination within six months after discharge, at which time the severity of the condition could be reevaluated.

In the present case, service connection for PTSD was not established until 1988, many years after the veteran's 1978 discharge. His service-connected disability rating must be based on the *current* severity of that condition rather than on a determination as to what rating would have been appropriate in 1978 if service connection had then been established. *See* 38 C.F.R. §§ 3.327(a) (reexamination required when "it is likely that a disability has improved or evidence indicates there has been a material change in disability"); 4.1 (over "a period of many years, a veteran's disability may require reratings in accordance with ... his or her physical or mental condition") (1992). Accordingly, the Board's

failure to discuss appellant's contention regarding section 4.131 is not, in my view, prejudicial error. 38 U.S.C.A. § 7261(b) (West 1991).